IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAR 29 2018

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HANAN BOUTAT,<br><br>Defendant. | Case No. 1:18-MJ-163 |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Donald C. Moore, being duly sworn, depose and state:

1. I am a Special Agent Criminal Investigator with United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). ICE/HSI is a subordinate component of the Department of Homeland Security ("DHS"). I have been a DHS/HSI Special Agent since June of 2004, and I am currently assigned to the Washington Dulles International Airport (IAD) Investigative Group at the HSI field office in Dulles, Virginia. In my capacity as an HSI Special Agent Criminal Investigator, I have had experience in criminal investigations involving counter proliferation, transnational gangs, commercial fraud, counterterrorism, immigration crimes, and financial crimes. I have been trained at the Federal Law Enforcement Training Center in Brunswick, Georgia, where I have attended and graduated from the Criminal Investigator Training Program, and the Immigration and Customs Enforcement Special Agent Training Program. In my capacity as a Special Agent, my duties

include investigating violations of the nation's immigration, nationality and customs laws.

2. This affidavit is submitted in support of a criminal complaint charging HANAN BOUTAT ("BOUTAT") of Morocco, with transportation of child pornography in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1). For the reasons set forth below, I respectfully submit that this affidavit contains probable cause to believe that on or about March 28, 2018, within the Eastern District of Virginia, BOUTAT knowingly transported child pornography from Morocco into the United States, specifically the Eastern District of Virginia, via her cellphone.

3. The information in this affidavit is based on my investigation, training, knowledge, and experience, in addition to information that has been related to me through data, reports, and other officers or agents involved in this investigation and related subject area. I submit this affidavit for the limited purpose of establishing probable cause in support of this application for a complaint, and thus it does not contain every fact gathered during the investigation.

## APPLICABLE STATUTES AND DEFINITIONS

4. Title 18, U.S. Code, Section 2252(a)(1) and (b)(1) prohibit the knowing transportation or shipment of a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by commuter or mail if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct. Title 18, U.S. Code, Section 2252(a)(1) and (b)(1) also prohibit attempts and conspiracies to engage in such transportation or shipment.

2

5. Title 18, United States Code, Section 2256(1) defines "minor" as any person under the age of eighteen years.

6. Title 18, United States Code, Section 2256(2) defines "sexually explicit conduct" as actual or simulated: (i) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) Bestiality; (iii) Masturbation; (iv) Sadistic or masochistic abuse; or (v) Lascivious exhibition of the genitals or pubic area of any person.

7. Title 18, United States Code, Section 2256(5) defines "visual depiction" as including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

## BACKGROUND INVESTIGATION

8. On March 28, 2018, BOUTAT, a Moroccan national, entered the United States at Dulles International Airport (IAD), in Dulles, Virginia, on Royal Air Maroc flight AT218 from Casablanca, Morocco. IAD is within the Eastern District of Virginia. Upon entry, BOUTAT was targeted for secondary inspection to assess her admissibility as B1/B2 visitor. During the secondary inspection, BOUTAT was asked where she would be residing while in the United States. In response, BOUTAT displayed a photo of a business card for a hookah bar in Falls Church, Virginia on her cellphone. CBP officers suspected BOUTAT might be working illegally while visiting the United States in violation of her B1/B2 visa restrictions. CBP asked BOUTAT to provide the password to her cellphone so the cellphone could be inspected for evidence of illegal employment. BOUTAT complied with the request and provided the password.

9. Upon inspection of BOUTAT's cellphone, CBP officers discovered a video that appeared to child pornography. CBP officers also discovered a "WhatsApp" voice message that appeared to be BOUTAT's voice asking another individual to "send me that video that shows the child being raped." (This message was in Arabic and was translated by an Arabic-speaking CBP Officer.) CBP officers stated they asked BOUTAT why she had the video. BOUTAT responded that someone had sent the video to her and she had deleted it, but she asked to have the video sent to her again so she could send/show it to other mothers as a warning of what was being done to children.

10. At approximately 22:30 on March 28, 2018, CBP contacted me to respond to IAD to review the video and interview BOUTAT. At approximately 23:30, I arrived at IAD and inspected the video to confirm the video contained child pornography. Upon review, I discovered a video wherein a male child—possibly an infant or small toddler, no older than 4 or 5 years old—is displayed to the camera with his buttocks facing the camera. A woman's hands can be seen spreading the child's buttocks. An adult male enters the screen and begins masturbating until aroused. He then penetrates the anus of the child with his penis. The child can be heard crying out as the sexual act was being conducted. At that time the video was stopped.

11. At approximately 12:02 PM, March 29, 2018, CBP Officer (CBPO) Bagous, a native Arabic speaker, and I attempted to interview BOUTAT. The interview was conducted in the Arabic language. I introduced myself as a criminal investigator and explained that I am not CBP. I explained that I wanted to ask BOUTAT administrative questions about her purpose of travel. I asked BOUTAT where she would be staying while in the United States. BOUTAT

stated that she and her father would be staying at a friend's house. She stated the address was on her cellphone. I asked BOUTAT if she would provide consent for me to search her phone. BOUTAT initially stated "yes" but when CBPO Bagous read her the consent form that notified her that any illegal items found on the phone could be used in criminal court, she declined to provide consent. BOUTAT stated it was because of the video.

12. At that time I had CBPO Bagous read BOUTAT a *Miranda* Rights waiver in the Arabic language. BOUTAT stated she wanted a lawyer present. I advised BOUTAT that since she stated she wanted a lawyer, we could not continue to discuss the video. BOUTAT attempted to discuss the video further but I directed CBPO Bagous to advise BOUTAT that we could not discuss the video further and that she was under arrest. The interview was terminated at approximately 12:20 AM, March 29, 2018.

//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

13. Based on the foregoing, there is probable cause to believe that on March 28, 2018, in the county of Loudoun in the Eastern District of Virginia, Hanan BOUTAT willfully and knowingly transported child pornography in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1).

Donald C. Moore
Special Agent
Homeland Security Investigations

Sworn and subscribed before me
this ___ day of March 2018

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa Carroll Buchanan
UNITED STATES MAGISTRATE JUDGE